## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TIFFANY WANG individually and derivatively in the name of and on behalf of AGORA GUAM LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> DAVID SU, ALTAMORE INTERNATIONAL LIMITED (aka ALTIMORE) and AGORA GUAM LLC, and DOES I – X inclusive, <br><br> Defendants. <br> _____ <br> DAVID SU, ALTAMORE INTERNATIONAL LIMITED (aka ALTIMORE), <br><br> Counterclaim Plaintiffs, <br><br> vs. <br><br> TIFFANY WANG individually and derivatively in the name of and on behalf of AGORA GUAM LLC, <br><br> Counterclaim Defendants. | **CIVIL CASE NO. CV0252-13** <br><br> **DECISION AND ORDER** |

ORIGINAL

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Plaintiffs' motion to dismiss and motion for partial summary judgment, filed February 28, 2014. Oral arguments were heard on June 2, 2014. Attorney Daniel J. Berman appeared on behalf of Plaintiffs, Attorney Louie J. Yanza represented Defendants. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

In June 2006, Plaintiff Tiffany Wang (hereinafter "Plaintiff Wang") and Defendant David Su (hereinafter "Defendant Su"), individually and on behalf of Altamore International Ltd. (hereinafter "Defendant Altamore"), entered into an agreement (hereinafter "Agreement") where they jointly purchased the Windward Hills Country Club in Yona, Guam (hereinafter "the Property"). Pursuant to the Agreement, Agora Guam LLC (hereinafter "Agora") was formed for the purposes of taking title to, holding, and managing the Property. The two named members of Agora were Wang and Altamore. At the heart of the dispute are allegations involving the purchase of the Property, breaches of fiduciary duties, access to the financial data of Agora, and management of the Property.

On March 15, 2013, Plaintiffs filed a complaint against Defendants Su, Altamore, Agora, and Does I-X alleging: (1) Breach of Fiduciary Duty; (2) Fraudulent Concealment; (3) Inspection of Books and Records and Accounting; (4) Appointment of Liquidating Trustee/Injunctive Relief; (5) Unjust Enrichment/Disgorgement/Attorney's Fees; and (6) Declaratory Relief. (Compl., 2-6, Mar. 15, 2013).

On April 19, 2013, Defendants Su and Altamore (hereinafter "Defendants") filed an answer to the complaint, a counterclaim, and a demand for jury trial. In the counterclaim, Defendants assert the claims of breach of fiduciary duty, inspection of books, and unjust enrichment against Plaintiff Wang. (Answer, 5-8, Apr. 19, 2013).

On February 28, 2014, Defendants filed a motion to dismiss and motion for partial summary judgment. Defendants argue that Plaintiff's fraud claim is barred by the statute of limitations because Plaintiff's time for commencing a fraud claim began on January 2006, at the

ORIGINAL

earliest, and July 2006, at the latest, and the limitations period for filing her fraud claim ended on July 2009. (Mot. Dismiss & Mot. Summ. J., 8-9, Feb. 28, 2014). Thus Defendants contend that the present suit, initiated on March 15, 2013, is outside of the prescribed period of limitations. *Id.* at 9. In the event that the Court denies Defendants' motion to dismiss, Defendants move for summary judgment by arguing that Plaintiff Wang failed to pursue her fraud claim within the statute of limitations period when she discovered the alleged fraud on September 18, 2008. *Id.*

On March 31, 2014, Plaintiff Wang filed an opposition. She argues that dismissal under Rule 12(b)(6) cannot be granted because running of the statute of limitations is not apparent in the face of the complaint. (Opp'n Mot., 19, Mar. 31, 2014). She further argues that summary judgment cannot be granted when there are genuine issues of material facts regarding the statute of limitations. *Id.* at 7. In addition, Plaintiff contends that Defendants waived the affirmative defense of statute of limitations because they failed to plead it. *Id.* at 21. In the event that the Court allows for Defendants' statute of limitations defense, Plaintiff requests for leave to amend her complaint and for the conducting of discovery related to the statute of limitations. *Id.* at 24.

On April 18, 2014, Defendants filed a reply. Defendants argue that no genuine issues of material fact exist; the fiduciary relationship between Plaintiff and Defendant Su did not toll the statute of limitations; the doctrine of equitable estoppel does not apply because Plaintiff Wang did not rely on any inducement or assurance from Defendants; equitable tolling does not apply; and the statute of limitations was not waived. (Reply, 1-12, Apr. 18, 2014).

## DISCUSSION

### I. Motion to Dismiss

Under Guam R. Civ. P. 12(b)(6), a claim may be dismissed where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Core Tech Intn'l Corp. v. Hanil Engineering & Const. Co., Ltd.*, 2010 Guam 13 ¶ 52 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In order to dismiss a claim pursuant to Rule 12(b)(6), a court must review the pleading in the light most favorable to the

ORIGINAL

non-movant, accept its material allegations of fact as true, and resolve any doubts in favor of the non-movant. *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9.

A complaint that is attacked under Guam R. Civ. P. 12(b)(6) "need not contain detailed factual allegations, [but] a plaintiff's obligation to provide the grounds of his entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Core Tech*, 2010 Guam 13 ¶ 52 (quoting *Twombly*, 550 U.S. at 555). Guam R. Civ. P. 12(b)(6) was adopted from Fed. R. Civ. P. 12(b)(6) and a federal court's interpretation of the analogous federal rule is persuasive authority. Guam R. Civ. P. 12(b)(6); *see also Sananap v. Cyfred, Ltd.*, 2011 Guam 21 ¶ 24 n. 13; *Pelowski v. Taitano*, 2000 Guam 34 ¶ 12. The U.S. Supreme Court holds the following regarding how substantive a pleading must be to survive a Civil Procedure Rule 12(b)(6) motion:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.' In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

Pursuant to Guam R. Civ. P. 8(a), a complaint shall contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." Guam R. Civ. P. 8(a). The U.S. Supreme Court explains:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

*Iqbal*, 556 U.S. at 678 (citations omitted).


ORIGINAL

The Court goes on to state: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* (citations omitted).

In a motion to dismiss under Rule 12(b)(6) on statute of limitations grounds, a claim may be dismissed on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2009) (*quoting Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). Furthermore, "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* (*quoting Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

In this case, Defendants filed a motion to dismiss Plaintiff's fraud claims. Defendants argue that Plaintiff did not plead nor can she prove any sets of facts that she did not make the discovery of the alleged fraud until within three years prior to filing of her complaint. (Mot. Dismiss & Mot. Summ. J., 9, Feb. 28, 2014). Furthermore, Defendants contend that Plaintiff did not specifically plead any fact to allege how the statute of limitations was tolled. *Id.* at 10. Plaintiff argues that Defendants waived the affirmative defense of limitations by failing to plead it. (Opp'n Mot., 21, Mar. 31, 2014). Furthermore, Plaintiff asserts that dismissal under Rule 12(b)(6) cannot be granted because the running of the applicable statute of limitations is not apparent on the face of the complaint. *Id.* at 19. The Court shall first consider whether Defendants waived their statute of limitations defense to the fraud claim.

## II. Waiver of the Statutory Limitations Defense

Under Guam law, Rule 8(c) of the Guam Rules of Civil Procedure (GRCP) governs pleadings related to affirmative defenses. It provides as follows:

(c) Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of



consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleadings as if there had been a proper designation.

Guam R. Civ. P. 8(c).

"Rule 8(c) of the Guam Rules of Civil Procedure, identical to Rule 8(c) of the Federal Rules, requires that parties include affirmative defenses in their pleadings." *Citizens Sec. Bank (Guam) Inc. v. Bidaure*, 1997 Guam 3 ¶ 10. The purpose of the rule is "to avoid surprise and undue prejudice to the plaintiff by providing her notice and the opportunity to demonstrate why the defense should not prevail." *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997) (citations omitted). "A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." *Id.* at 968 (citations omitted).

In this case, Defendants failed to assert the statute of limitations defense pertaining to the fraud claim in their answer to the complaint. Having failed to perform its obligations under Rule 8(c), the Court need not permit Defendants to assert the statute of limitations defense, as to the fraud claim, in this case. *See* Guam R. Civ. P. 15(a).

Some jurisdictions have liberalized the requirement that affirmative defenses be raised in a defendant's initial pleading. *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984). It has been held that, absent prejudice to the plaintiff, a defendant may for the first time raise an affirmative defense in the form of a motion. *Id.* Courts have also considered a defendant's excuse in raising an affirmative defense and the notice given to plaintiff. *Venters*, 123 F.3d at 969. Thus, if a plaintiff suffers prejudice, the Court need not permit a defendant to raise an affirmative defense in the form of a motion that was not raised in the initial pleadings. *See id.*

Even under this analysis, the Court finds that Defendants waived their statute of limitations defense as to the fraud claim. The statute of limitations defense was first raised in Defendants' motion to dismiss and motion for summary judgment, filed almost a year after the case was filed. The Court can discern no justification for the delay. Furthermore, by omitting the statute of limitations defense until they filed the present motion, Defendants deprived

ORIGINAL

Plaintiff of any reasonable opportunity to address that defense before the discovery cut-off date elapsed on December 20, 2013. Thus raising the statute of limitations defense at this point in the litigation will prejudice Plaintiff.

Defendants assert that Plaintiff should have been aware of the statute of limitations defense, because the affirmative defenses of waiver, laches, and estoppel were pled. (Reply, 11-12, Apr. 18, 2014). The Court does not agree. Unlike the other affirmative defenses pled in this case, the statute of limitations defense deals primarily with the date the alleged fraud took place, a less-emphasized matter with respect to the other defenses. In addition, these affirmative defenses are listed separately in Rule 8(c), connoting their identity as two distinct concepts. *See* Guam R. Civ. P. 8(c). Even if Plaintiff should have had some inkling that the statute of limitations defense might be raised, it was not Plaintiff's obligation to raise the defense. *Venters*, 123 F.3d at 969.

For these reasons, Defendants' motion to dismiss is denied. Having found that Defendants waived their statute of limitations defense, the Court also denies Defendants' motion for partial summary judgment which was predicated on the statute of limitations defense.

## CONCLUSION

Based upon the foregoing, Defendants' motion to dismiss and motion for partial summary judgment is hereby DENIED.

This matter is set for a preliminary pretrial conference on September 3, 2014 at 9:00 a.m.; a final pretrial conference on September 10, 2014 at 9:00 a.m.; and jury selection and trial on September 15, 2014 at 10:00 a.m.

SO ORDERED this 25TH day of August, 2014.

HON. JAMES L. CANTO II
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
Daniel Berman
Mahor Yonga, Flhan + Thomslin
Date: 8/25/14 Time: 4:25 pm

Deputy Clerk, Superior Court of Guam

ORIGINAL

Page 7 of 7